UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TEHAMA-COLUSA CANAL AUTHORITY**<br><br>            Plaintiff,<br><br>     v.<br><br>**UNITED STATES DEPARTMENT OF INTERIOS, KENNETH LEE SALAZAR**, in his official capacity as Secretary of the Interior; **UNITES STATES BUREAU OF RECLAMATION; MICHAEL L. CONNOR**, in his official capacity as the Commissioner of Reclamation, and **DONALD R. GLASER**, in his official capacity as Regional Director of the Bureau of Reclamation for the Mid-Pacific Region,<br><br>            Defendants. | 1:10-cv-00712 OWW DLB<br><br>MEMORANDUM DECISION AND ORDER RE THE SAN LUIS & DELTA-MENDOTA WATER AUTHORITY AND WESTLANDS WATER DISTRICT'S MOTION TO INTERVENE (DOC. 23.) |

## I. INTRODUCTION

The San Luis & Delta-Mendota Water Authority ("SLDMWA") and the Westlands Water District ("Westlands") (collectively, "Applicants") move for leave to intervene in this case as of right pursuant to Federal Rule of Civil Procedure 24(a), or in the alternative to permissively intervene under Rule 24(b).  Doc. 24, filed April 16, 2010.  Plaintiffs filed a statement of non-opposition, Docs. 32, and Federal Defendants failed to file any

1

opposition by the June 14, 2010 deadline for the filing of opposition papers.  The matter has been submitted for decision without oral argument.  Doc. 33.

## II. BACKGROUND

A.   The Claims in This Case.

Plaintiff Tehama-Colusa Canal Authority ("TCCA") is a joint powers authority under California Government Code § 6500 et seq. "Sixteen of TCCA's members are public agencies that supply water to agricultural or to municipal and industrial users or both." Doc. 1 ¶5.  Each member receives water from the Central Valley Project ("CVP") pursuant to a "Long-Term Renewal Contract Providing for Project Water Service From the Sacramento River Division" ("Contract") with Reclamation. *Id*.  Federal Defendants entered into and administer the Contract. Doc. 1 ¶6.  The CVP contracts with TCCA members contain terms that authorize Reclamation to apportion water in time of shortage.

> In any Year in which there may occur a shortage for any of the reasons specified in subdivision (b) above, the Contracting Officer shall apportion the available Project Water supply among the Contractor and others entitled, under existing contracts and future contracts…and renewals thereof, to receive Project Water consistent with the contractual obligations of the United States.

Doc. 24 1:17-24.

The Complaint for declaratory and injunctive relief seeks an order prohibiting Defendants from exporting water supplies from

2

the Sacramento River watershed until TCCA members receive present and future beneficial needs. Doc. 1 ¶16. Plaintiff alleges that Defendants' export of CVP water supplies from the Sacramento River watershed to the San Joaquin Valley does not comply with federal and/or state law. Doc. 1 ¶9. Plaintiff further alleges that TCCA members are entitled to full contractual supplies for the beneficial needs of its members. Doc. 1 at 12, Prayer 1.

B.   **The Applicants.**

   1.   **San Luis & Delta-Mendota Water Authority.**

SLDMWA, a joint powers authority, represents the common interests of 29 member water agencies. Nelson Decl., Doc. 25, at ¶2. Similar to members of the TCCA, members of SLDMWA contract with the United States for water supply stored, pumped and conveyed by the CVP. SLDMWA operates and maintains CVP facilities under contract with Reclamation, including the Jones Pumping Plant. *Id*. at ¶4. "SLDMWA also operates and maintains the Delta-Mendota Canal, which delivers water to member agencies." Doc. 24 4:13-14.

The SLDMWA members serve areas south of the Delta largely dependent on water exported from the Delta:

> The water supplied to SLDMWA's member agencies is pumped from the Delta through the Jones Pumping Plant and has been use to meet the water supply needs of over 2.8 million acres of agricultural lands...Member agencies also provide approximately 350,000 acre-feet of water to wildlife refuges for habitat enhancement

and restoration activities. Finally, these water supplies support municipal and industrial uses, including within the City of Tracy and urban areas within Santa Clara County.

Nelson Decl. at ¶6.

### 2. Westlands Water District.

Westlands, a water district formed pursuant California Water Code §§ 34000 et seq., is a member agency of SLDMWA. Freeman Decl. at ¶1. Under contract with Reclamation, Westlands receives water through the San Luis Unit of the CVP. Freeman Decl. at ¶2. This contract entitles Westlands to 1.15 million acre feet per year. *Id*. The majority of the CVP water supply is used for irrigation. *Id*. Westlands includes approximately 600,000 acres of arable land. *Id*.

## III. DISCUSSION

Applicants moves to intervene as of right or, in the alternative, to permissively intervene.

### A. Intervention as of Right.

#### 1. Legal Standard.

Intervention is governed by Federal Rule of Civil Procedure 24. To intervene as a matter of right under Rule 24(a)(2), an applicant must claim an interest, the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant. *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1993).

4

The Ninth Circuit applies Rule 24(a) liberally, in favor of intervention, and requires a district court to "take all well-pleaded, non-conclusory allegations in the motion as true absent sham, frivolity or other objections." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). A four part test is used to evaluate a motion for intervention of right:

> (1) the motion must be timely;
>
> (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;
>
> (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and
>
> (4) the applicant's interest must be inadequately represented by the parties to the action.

*Forest Conservation Council*, 66 F.3d at 1493.

2.   <u>Timeliness.</u>

In assessing timeliness, courts in the Ninth Circuit must consider: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).  Here, the complaint was filed on February 11, 2010. Doc. 1.  Applicants moved to intervene on April 16, 2010.  Doc. 24.  Existing parties are not prejudiced when "the motion was filed before the district

5

court made any substantive rulings." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). No substantive rulings have been made in this case. Accordingly, The motion to intervene is timely.

 3.  <u>Significant Protectable Interests</u>

To demonstrate a "significantly protectable interest," "a prospective intervenor must establish that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Id*.

Here, among other remedies, Plaintiffs seek to enjoin Federal Defendants "from exporting CVP water supplies outside the Sacramento River watershed whenever such supplies are needed to meet the full contractual supplies for the beneficial needs of TCCA Members." Doc. 1 at 12, Prayer 1. Should Plaintiffs obtain the relief they request under this claim, Reclamation would be restricted from providing water supplies to SLDMWA's member agencies, including Westlands.

Applicants contend that SLDMWA members already receive reduced water supply due to increasing regulation. The relief Plaintiffs seek would further reduced Applicants water supply. To the extent that the district court considers and rules upon any of these matters in the context of this litigation, such rulings may implicate Applicants' interests.

6

4.  <u>Impairment of Interests</u>

Disposition of this action may, as a practical matter, impair or impede Applicants' abilities to protect their interests.  This requirement demands only a showing that the applicant "would be substantially affected in a practical sense by the determination made in an action." *Southwest Ctr.*, 268 F.3d at 822.  An injunction prohibiting the Federal Defendants from exporting CVP water supplies until Plaintiffs receive "full contractual supplies" would significantly impair or impede the Applicants' interests.

5.  <u>Existing Parties' Ability to Represent Applicants' Interests.</u>

The remaining issue is whether the Applicants' interests are adequately protected by other defendants.  In assessing the adequacy of representation, the Ninth Circuit looks at three factors:

> (1) whether the existing parties will undoubtedly make all of the applicant's arguments;
>
> (2) whether the existing parties are capable of and willing to make the applicant's arguments; and
>
> (3) whether the applicant offers a necessary element to the proceedings that otherwise would be neglected.

*Id*. at 823. "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests may be inadequate .... [T]he burden of making this showing is minimal." *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d

7

525, 528 (9th Cir. 1983).

Here, the Applicants maintain that they "represent specific concerns of CVP contractors and water users not represented by any other party." Doc. 24 at 13:5-6. Applicants cite several cases for the proposition that Federal Defendants must represent public policy interests and cannot be expected to represent private interests. Doc. 24 13:9-18. *See Southwest Ctr.*, 268 F.3d at 823 (applicants not adequately represented by government agencies whose interests are "not simply to confirm" the applicant's interests, but include a broader "range of considerations"). Applicants further assert that the Federal Defendants cannot represent the narrowly focused concerns of the Proposed Intervenors. *See Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (finding federal defendant with interest in management or a resource did not have interests identical to an entity with economic interests in the use of that resource). The Applicants' interests are not adequately represented by the Federal Defendants in that they are a competing water user seeking to protect south of Delta water contractors' CVP allocations. No other party represents this position.

## IV. CONCLUSION

The Applicants satisfy all of the requirements for intervention as a matter of right. It is not necessary to

8

address the Applicants' alternative request for permissive intervention.

Applicants' unopposed motion to intervene as a matter of right is GRANTED, conditioned upon strictly limiting their participation to issues about which they can provide unique information and/or arguments.

SO ORDERED

Dated:   June 28, 2010

<u>/s/ Oliver W. Wanger</u>
Oliver W. Wanger
United States District Judge