DOWNEY BRAND LLP
STEVEN P. SAXTON (CA Bar No. 116943)
KEVIN M. O'BRIEN (CA Bar No. 122713)
ELLEN L. TRESCOTT (CA Bar No. 252082)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone:   (916) 444-1000
Facsimile:   (916) 444-2100
Attorneys for Plaintiff
Tehama-Colusa Canal Authority

J. MARK ATLAS (CA Bar No. 65086)
Attorney at Law
332 West Sycamore Street
Willows, CA  95988
Telephone:   (530) 934-5416
Facsimile:   (530) 934-3508
Attorneys for Plaintiff
TEHAMA-COLUSA CANAL AUTHORITY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| TEHAMA-COLUSA CANAL AUTHORITY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; KENNETH LEE SALAZAR, in his official capacity as Secretary of the Interior; UNITED STATES BUREAU OF RECLAMATION; MICHAEL L. CONNOR, in his official capacity as the Commissioner of Reclamation, and DONALD R. GLASER, in his official capacity as Regional Director of the Bureau of Reclamation for the Mid-Pacific Region,<br><br>　　　　　　Defendants,<br><br>SAN LUIS & DELTA-MENDOTA WATER AUTHORITY and WESTLANDS WATER DISTRICT,<br>　　　　　　Defendant-Intervenors. | Case No. 1:10-cv-00712-OWW-DLB<br><br>**STIPULATION OF THE PARTIES AND ORDER REGARDING PAGE LIMITS FOR MEMORANDA OF LAW RELATED TO MOTIONS FOR SUMMARY JUDGMENT** |

1124721.1                                              1

STIPULATION AND ORDER REGARDING PAGE LIMITS

Plaintiff Tehama-Colusa Canal Authority, Defendants United States Department of the Interior, Kenneth Lee Salazar, United States Bureau of Reclamation, Michael L. Connor, and Donald R. Glaser, and Defendant-Intervenors San Luis Delta-Mendota Water Authority and Westlands Water District (collectively "Parties"), by and through their attorneys of record, hereby enter into this Stipulation.

THE PARTIES JOINTLY STIPULATE AS FOLLOWS:

1. The Court entered an "Order Regarding Page Limits for Cases Assigned to Judge Mendez" on February 11, 2010 (Document 5-2), which states: "Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to twenty−five (25) pages, and reply memoranda are limited to ten (10) pages."

2. The Parties agree that this case can appropriately be decided on cross-motions for summary judgment, and on October 26, 2010, the Court entered an "Order Approving Stipulation of the Parties Setting Briefing and Hearing Schedule." That Order set forth a staggered briefing schedule whereby (1) Plaintiff will file a motion for summary judgment and supporting memorandum on or before December 1, 2010; (2) Defendants and Defendant-Intervenors will file cross-motions for summary judgment and memoranda supporting their motions and responding to Plaintiff's motion on or before January 7, 2011; (3) Plaintiff will file a reply memoranda in support of Plaintiff's motion and in opposition to Defendants and Defendant-Intervenors' motions on or before January 28, 2010; and (4) Defendants and Defendant-Intervenors will file reply memoranda in support of Defendants' and Defendant-Intervenors' motions on or before February 18, 2011.

3. This case involves issues of both federal and state law relating to the development and operation of the Central Valley Project, and the administrative record is over 10,000 pages in length. (*See* Declaration of S. Saxton, filed herewith.) Furthermore, due to the established staggered briefing schedule, Defendants and Defendant-Intervenors will combine their memoranda in support of motions for summary judgment with memoranda in opposition to Plaintiff's motion for summary judgment, and similarly, Plaintiff will combine its memoranda in opposition to Defendant and Defendant-Intervenors' motions for summary judgment with its

replies in support of Plaintiff's motion for summary judgment. (*Id.*) Accordingly, at Plaintiff's request, the Parties conferred and have agreed that the page limitations set forth in the Court's February 11, 2010 Order will likely not be sufficient to adequately present the issues to the Court through cross-motions for summary judgment. (*Id.*) The Parties have agreed that 40 pages is a more appropriate limit for memoranda in support of and in opposition to motions for summary judgment in this case, and for reply memoranda.

4. The Parties respectfully request that the Court enter an order setting the page limit for memoranda of law in support of and in opposition to motions for summary judgment, and reply memoranda, at 40 pages. An Order is attached.

**IT IS SO STIPULATED.**

DATED: November 19, 2010          DOWNEY BRAND LLP

By: /s/ Steven P. Saxton
STEVEN P. SAXTON
Attorney for Plaintiff

DATED:  November 19, 2010          U.S. DEPARTMENT OF JUSTICE

By: /s/ David W. Gehlert (as authorized on 11/19/10)
DAVID W. GEHLERT
Attorney for Defendants

DATED:  November 19, 2010          KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD

By: /s/ Daniel J. O'Hanlon (as authorized on 11/19/10
DANIEL J. O'HANLON
Attorney for Defendant-Intervenors

ORDER APPROVING STIPULATION OF THE PARTIES
REGARDING PAGE LIMITS FOR MEMORANDA OF LAW
RELATED TO MOTIONS FOR SUMMARY JUDGMENT

The Court having reviewed the Stipulation filed by the Parties and good cause appearing therefore, IT IS HEREBY ORDERED that the Stipulation of the Parties filed on November 19, 2010, is approved.  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions for summary judgment are limited to forty (40) pages, and reply memoranda are also limited to forty (40) pages.

IT IS SO ORDERED.

Dated:   **November 22, 2010**                **/s/ Oliver W. Wanger**
                                              UNITED STATES DISTRICT JUDGE